The Honorable Louis O. Frost, Jr. Public Defender
QUESTION:
1. Does the prohibition against "otherwise" practicing criminal law contained in s. 27.51(3), F.S., have any force and effect upon the private practice of criminal law by a part-time assistant public defender outside the State of Florida?
2. Is practice before military tribunals, when the charges are criminal in nature, the practice of criminal law as contemplated by s. 27.51(3), F.S.?
SUMMARY:
1. The restriction on the outside practice of law by part-time assistant public defenders contained in s. 27.51(3), F.S., is not limited to practice within a particular jurisdiction or court. Thus, a part-time assistant public defender in Florida cannot otherwise practice criminal law in another state.
2. The Uniform Code of Military Justice includes provisions defining crimes by military persons and enumerates and provides punishment for these offenses. Thus, practice before military tribunals may involve the practice of criminal law and, pursuant to s. 27.51(3), F.S., such practice by a part-time assistant public defender is prohibited.
AS TO QUESTION 1:
According to your letter, a part-time assistant public defender in your office is interested in expanding his private practice into the State of Georgia. This practice would include the representation of criminal defendants before both Georgia courts and U.S. military tribunals. Nothing in your letter suggests that this attorney is a member of the national guard or military reserve who has been called upon to participate in active duty, field exercises, or other military training.
Section 27.51(3), F.S., provides that:
 Each public defender shall serve on a full-time basis and is prohibited from engaging in the private practice of law while holding office. Assistant public defenders shall give priority and preference to their duties as assistant public defenders and shall not otherwise engage in the practice of criminal law. (e.s.)
The terms of the statute are not limited to the practice of criminal law in certain courts or jurisdictions. The statute provides a complete prohibition against such private practice by assistant public defenders.[1]
Based on the all-encompassing nature of the prohibition, this office determined that s. 27.51(3), F.S., applies to full-time as well as part-time assistant public defenders[2] and that the limitation includes both federal and state practice.[3]
In addition, the statute precludes an assistant public defender from being a member of, or associated with, a private law firm which, through its members or associates, engages in the practice of criminal law in state or federal courts.[4]
Thus, I must conclude that s. 27.51(3), F.S., would prohibit a part-time assistant public defender from continuing in that position and simultaneously practicing criminal law in another state.
AS TO QUESTION 2:
Your second question requires a determination of whether legal practice before military tribunals would constitute criminal practice which an assistant public defender may not otherwise engage in.
While you have not provided me with citations to any particular provisions of military law with which you are concerned, I would note that the Uniform Code of Military Justice, enacted by Congress,[5] provides definitions of crimes by military persons and fixes the punishment therefor. This code has the force and effect of statute.[6]
Thus, to the extent that the activities involved may be designated a crime under the Uniform Code of Military Justice, practice before military tribunals would constitute the practice of criminal law which an assistant public defender is otherwise precluded from engaging in by s. 27.51(3), F.S.
[1] Compare, AGO 89-88 in which this office concluded that "[i]n the absence of a statutory prohibition against private practice by assistant public defenders, it is my opinion that s.27.51(3), F.S., does not bar assistant public defenders from performing pro-bono legal assistance which does not involve the practice of criminal law and is secondary to the assistant public defenders' official duties."
[2] See, AGO 68-23 ("[a]s . . . s. 27.51(3), F.S., makes no distinction between full-time assistant public defenders and part-time assistant public defenders . . . . [i]t applies to all assistant public defenders.")
[3] Attorney General Opinion 75-284.
[4] See, AGO 75-284.
[5] See, s. 8, Art. I, cl. 14, U.S. Const., authorizing Congress to make rules for the government and regulation of the land and naval forces. Cf., s. 250.35(2), F.S., which provides that courts-martial "may try any member of the organized militia for any crime or offense made punishable by the Uniform Code of Military Justice . . . ." (e.s.)
[6] See generally, 6 C.J.S. Armed Services s. 155.